TRACY L. WILKISON
Acting United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
JEFF MITCHELL (Cal. Bar No. 236225)
Assistant United States Attorney
Major Frauds Section
DAN G. BOYLE (Cal. Bar No. 332518)
Assistant United States Attorney
Asset Forfeiture Section
1100 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-0698/2426
    Facsimile: (213) 894-3713
    E-mail:   jeff.mitchell@usdoj.gov
             daniel.boyle2@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

FILED
CLERK, U.S. DISTRICT COURT
12/15/2021
CENTRAL DISTRICT OF CALIFORNIA
BY:_____VM____ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 2:21-CR-00579-JAK |
|     Plaintiff, | PLEA AGREEMENT FOR DEFENDANT MATTHEW FUNKE |
|        v. | |
| MATTHEW FUNKE, | |
|     Defendant. | |

1.   This constitutes the plea agreement between MATTHEW FUNKE ("defendant") and the United States Attorney's Office for the Central District of California (the "USAO") in the above-captioned case. This agreement is limited to the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities.

DEFENDANT'S OBLIGATIONS

2.   Defendant agrees to:

1    a.    Give up the right to indictment by a grand jury and,

2 at the earliest opportunity requested by the USAO and provided by the

3 Court, appear and plead guilty to a two-count information in the form

4 attached to this agreement as Exhibit A or a substantially similar

5 form, which charges defendant with Operating an Illegal Gambling

6 Business, in violation of 18 U.S.C. § 1955; and Acceptance of a

7 Financial Instrument for Unlawful Internet Gambling, in violation of

8 31 U.S.C. §§ 5363, 5366.

9    b.    Agree that all court appearances, including his change

10 of plea hearing and sentencing hearing, may proceed by video-

11 teleconference ("VTC") or telephone, if VTC is not reasonably

12 available, so long as such appearances are authorized by General

13 Order 20-097 or another order, rule, or statute.    Defendant

14 understands that, under the Constitution, the United States Code, the

15 Federal Rules of Criminal Procedure (including Rules 11, 32, and 43),

16 he may have the right to be physically present at these hearings.

17 Defendant understands that right and, after consulting with counsel,

18 voluntarily agrees to waive it and to proceed remotely.    Defense

19 counsel also joins in this consent, agreement, and waiver.

20 Specifically, this agreement includes, but is not limited to, the

21 following:

22    i.    Defendant consents under Federal Rules of

23 Criminal Procedure 5(f) and 10(c) and Section 15002(b) of the CARES

24 Act to proceed with his initial appearance and arraignment by VTC or

25 telephone, if VTC is not reasonably available.

26    ii.    Defendant consents under Section 15002(b) of the

27 CARES Act to proceed with his waiver of indictment, under Federal

28

1    Rule of Criminal Procedure 7(b), by VTC or telephone, if VTC is not

2    reasonably available.

3              iii. Defendant consents under Section 15002(b) of the

4    CARES Act to proceed with his change of plea hearing by VTC or

5    telephone, if VTC is not reasonably available.

6              iv.  Defendant consents under Section 15002(b) of the

7    CARES Act to proceed with his sentencing hearing by VTC or telephone,

8    if VTC is not reasonably available.

9         c.   Defendant consents under 18 U.S.C. § 3148 and Section

10   15002(b) of the CARES Act to proceed with any hearing regarding

11   alleged violations of the conditions of pre-trial release by VTC or

12   telephone, if VTC is not reasonably available.

13        d.   Not contest facts agreed to in this agreement.

14        e.   Abide by all agreements regarding sentencing contained

15   in this agreement.

16        f.   Appear for all court appearances, surrender as ordered

17   for service of sentence, obey all conditions of any bond, and obey

18   any other ongoing court order in this matter.

19        g.   Not commit any crime; however, offenses that would be

20   excluded for sentencing purposes under United States Sentencing

21   Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not

22   within the scope of this agreement.

23        h.   Be truthful at all times with the United States

24   Probation and Pretrial Services Office and the Court.

25        i.   Pay the applicable special assessments at or before

26   the time of sentencing unless defendant has demonstrated a lack of

27   ability to pay such assessments.

28

j.    Agree to and not oppose the imposition of the following condition of probation or supervised release: defendant may not place, receive, or otherwise make any bets or wagers on sporting events, or assist others in the placing of any bet or wager on sporting events.

3.    Defendant further agrees:

a.    To forfeit all right, title, and interest in and to any and all monies, properties, and/or assets of any kind, derived from or acquired as a result of the illegal activity to which defendant is pleading guilty, specifically including, but not limited to, the following: $137,544.00 in United States currency seized from defendant's residence on or about February 7, 2020 (collectively, the "Forfeitable Assets").

b.    To the Court's entry of an order of forfeiture at or before sentencing with respect to the Forfeitable Assets and to the forfeiture of the assets.

c.    To take whatever steps are necessary to pass to the United States clear title to the Forfeitable Assets, including, without limitation, the execution of a consent decree of forfeiture and the completing of any other legal documents required for the transfer of title to the United States.

d.    Not to contest any administrative forfeiture proceedings or civil judicial proceedings commenced against the Forfeitable Assets.  If defendant submitted a claim and/or petition for remission for all or part of the Forfeitable Assets on behalf of himself or any other individual or entity, defendant shall and hereby does withdraw any such claims or petitions, and further agrees to

4

waive any right he may have to seek remission or mitigation of the forfeiture of the Forfeitable Assets.

e.   Not to assist any other individual in any effort falsely to contest the forfeiture of the Forfeitable Assets.

f.   Not to claim that reasonable cause to seize the Forfeitable Assets was lacking.

g.   To prevent the transfer, sale, destruction, or loss of any and all assets described above to the extent defendant has the ability to do so.

h.   To fill out and deliver to the USAO a completed financial statement listing defendant's assets on a form provided by the USAO.

i.   That forfeiture of Forfeitable Assets shall not be counted toward satisfaction of any special assessment, fine, restitution, costs, or other penalty the Court may impose.

THE USAO'S OBLIGATIONS

4.   The USAO agrees to:

a.   Not contest facts agreed to in this agreement.

b.   Abide by all agreements regarding sentencing contained in this agreement.

c.   At the time of sentencing, provided that defendant demonstrates an acceptance of responsibility for the offenses up to and including the time of sentencing, recommend a two-level reduction in the applicable Sentencing Guidelines offense level, pursuant to U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an additional one-level reduction if available under that section.

1

## NATURE OF THE OFFENSES

2       5.   Defendant understands that for defendant to be guilty of

3  the crime charged in Count One, that is, Operating an Unlawful

4  Gambling Business, in violation of Title 18, United States Code,

5  Section 1955, the following must be true:

6            a.   defendant conducted a business consisting of unlawful

7  sports gambling;

8            b.   Sports gambling was illegal in the State in which

9  defendant conducted the business, namely, California;

10           c.   the business involved five or more persons who

11 conducted all or part of the business; and

12           d.   the business had been in substantially continuous

13 operation by five or more persons for more than thirty days, or had a

14 gross revenue of $2,000 in any single day:

15      6.   Defendant understands that for defendant to be guilty of

16 the crime charged in Count Two, that is, Acceptance of a Financial

17 Instrument for Unlawful Internet Gambling, in violation of Title 31,

18 United States Code, Sections 5363 and 5366, the following must be

19 true:

20           a.   Defendant was engaged in the business of betting or

21 wagering; and

22           b.   Defendant knowingly accepted, in connection with the

23 participation of another person in unlawful Internet gambling in

24 violation of California Penal Code Section 337a, an electronic funds

25 transfer from or on behalf of such other person.

26      7.   "Unlawful Internet gambling" means placing, receiving, or

27 otherwise knowingly transmitting a bet or wager by any means which

28 involves the use, at least in part, of the Internet where such bet or

6

wager is unlawful under any applicable Federal or State law in the
State in which the bet or wager is initiated, received, or otherwise
made.  The term "electronic fund transfer" means any transfer of
funds, other than a transaction originated by check, draft, or
similar paper instrument, which is initiated through an electronic
terminal, telephonic instrument, or computer or magnetic tape so as
to order, instruct, or authorize a financial institution to debit or
credit an account. Such term includes, but is not limited to, point-
of-sale transfers, automated teller machine transactions, direct
deposits or withdrawals of funds, and transfers initiated by
telephone.

<u>PENALTIES</u>

8.    Defendant understands that the statutory maximum sentence
that the Court can impose for a violation of Title 18, United States
Code, Section 1955, is: five years' imprisonment; a three-year period
of supervised release; a fine of $250,000 or twice the gross gain or
gross loss resulting from the offense, whichever is greatest; and a
mandatory special assessment of $100.

9.    Defendant understands that the statutory maximum sentence
that the Court can impose for a violation of Title 31, United States
Code, Sections 5363 and 5366, is: five years' imprisonment; a three-
year period of supervised release; a fine of $250,000 or twice the
gross gain or gross loss resulting from the offense, whichever is
greatest; and a mandatory special assessment of $100.

10.    Defendant understands, therefore, that the total maximum
sentence for both offenses to which defendant is pleading guilty is:
10 years' imprisonment; a three-year period of supervised release; a
fine of $500,000 or twice the gross gain or gross loss resulting from

the offenses, whichever is greatest; and a mandatory special assessment of $200.

11.  Defendant understands that upon conviction of Title 31, United States Code, Section 5363, the Court may enter a permanent injunction enjoining him from placing, receiving, or otherwise making bets or wagers or sending, receiving, or inviting information assisting in the placing of bets or wagers, pursuant to Title 31, United States Code, Section 5366.

12.  The Court will also order forfeiture of the property listed in the forfeiture notice in the information pursuant to 18 U.S.C. § 982.

13.  Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements.  Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

14.  Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant understands that he is pleading guilty to a felony and that it is a federal crime for a convicted felon to possess a firearm or ammunition.  Defendant understands that the convictions in this case may also subject defendant to various other collateral consequences,

including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license.  Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty pleas.

15.  Defendant understands that, if defendant is not a United States citizen, the felony convictions in this case may subject defendant to: removal, also known as deportation, which may, under some circumstances, be mandatory; denial of citizenship; and denial of admission to the United States in the future.  The Court cannot, and defendant's attorney also may not be able to, advise defendant fully regarding the immigration consequences of the felony convictions in this case.  Defendant understands that unexpected immigration consequences will not serve as grounds to withdraw defendant's guilty pleas.

<u>FACTUAL BASIS</u>

16.  Defendant admits that defendant is, in fact, guilty of the offenses to which defendant is agreeing to plead guilty.  Defendant and the USAO agree to the statement of facts provided below and agree that this statement of facts is sufficient to support pleas of guilty to the charges described in this agreement and to establish the Sentencing Guidelines factors set forth in paragraph 18 below but is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct.

Beginning on a date unknown and continuing to on or about February 7, 2020, in Los Angeles County, California, defendant conducted an unlicensed and illegal bookmaking business that

9

took bets for money on sporting events from various persons. The business, which defendant operated in violation of California Penal Code Section 337(a) (prohibiting bookmaking within the state of California), involved more than five persons who conducted, financed, managed, supervised, directed, or owned all or part of the business, including W.N., E.K., C.S., T.H., B.S.  The business remained in substantially continuous operation by at least five persons for at least six years and often had gross revenue of well over $2,000 on a single day.

Specifically, defendant, operating out of various locations in Los Angeles County, solicited and accepted customers for the Sand Island Sports bookmaking organization, which was based in Costa Rica.  When defendant found a new customer who wanted to place wagers on sporting events, defendant, or one of his associates, contacted Sand Island Sports and arranged for an account to be set up for the customer.  After the account was established, defendant advised the customer as to the limits on his or her wagering activity, and referred the customer to the Sand Island Sports website (www.SandIslandSports.com) to allow California residents and others to place wagers on sporting events over the internet, in violation of California Penal Code Section 337a.  The customers were participating in unlawful internet gambling, as defined in paragraph 7 of this plea agreement.  Defendant and others in the Sand Island Sports organization would keep track of the customers' wagering activity and win/loss record.  When a customer won a bet, defendant or an associate paid him or her based on the size of

the bet and the odds that had been set by Sand Island Sports. When a customer lost, defendant or an associate collected the amounts due under the terms of the bet.

Defendant received the proceeds from the sports gambling activity in cash, checks, and electronic fund transfers.  For example, on October 7, 2019, defendant accepted and received from L.P. an electronic funds transfer issued by Bank of America for $16,000.  At the time defendant received the electronic funds transfer, defendant knew the transfer was to pay for gambling losses incurred by L.P. in the United States from bets placed on or through the SandIslandSports.com website, which was hosted in Costa Rica, in violation of California Penal Code Section 337a.

In November 2018 defendant had been operating his gambling business for several years, had more than 100 players, and hoped to end the season with millions of dollars in his account.

<u>SENTENCING FACTORS</u>

17.  Defendant understands that in determining defendant's sentence the Court is required to calculate the applicable Sentencing Guidelines range and to consider that range, possible departures under the Sentencing Guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a).  Defendant understands that the Sentencing Guidelines are advisory only, that defendant cannot have any expectation of receiving a sentence within the calculated Sentencing Guidelines range, and that after considering the Sentencing Guidelines and the other § 3553(a) factors, the Court will

be free to exercise its discretion to impose any sentence it finds appropriate up to the maximum set by statute for the crimes of conviction.

18.   Defendant and the USAO agree to the following applicable Sentencing Guidelines factors:

Base Offense Level:           [12]        [U.S.S.G. § 2E3.1(a)(2)]

Multiple Count Adjustment     [0]         [U.S.S.G. § 3D1.2(d)]


19.   Defendant and the USAO reserve the right to argue that additional specific offense characteristics, adjustments, and departures under the Sentencing Guidelines are appropriate. Defendant and the USAO reserve the right to argue for a sentence outside the sentencing range established by the Sentencing Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7).  For example, because the justice system is facing an unprecedented crisis through the backlog of cases, the parties agree that the defendant is entitled to a two-level variance as recognition of defendant's early acceptance of responsibility, which will lessen the burden on the court system by: (1) waiving any right to presence and pleading guilty at the earliest opportunity by VTC (or telephone, if VTC is not reasonably available); (2) waiving any right to presence and agreeing to be sentenced by VTC (or telephone, if VTC is not reasonably available) should the Central District of California's General Order allow for it; (3) agreeing to appear at all other times by VTC or telephone; and (4) waiving all appellate rights.

20.   Defendant understands that there is no agreement as to defendant's criminal history or criminal history category.

12

1                    WAIVER OF CONSTITUTIONAL RIGHTS

2          21.  Defendant understands that by pleading guilty, defendant

3     gives up the following rights:

4               a.    The right to persist in a plea of not guilty.

5               b.    The right to a speedy and public trial by jury.

6               c.    The right to be represented by counsel -- and if

7     necessary have the Court appoint counsel -- at trial.  Defendant

8     understands, however, that, defendant retains the right to be

9     represented by counsel -- and if necessary have the Court appoint

10    counsel -- at every other stage of the proceeding.

11              d.    The right to be presumed innocent and to have the

12    burden of proof placed on the government to prove defendant guilty

13    beyond a reasonable doubt.

14              e.    The right to confront and cross-examine witnesses

15    against defendant.

16              f.    The right to testify and to present evidence in

17    opposition to the charges, including the right to compel the

18    attendance of witnesses to testify.

19              g.    The right not to be compelled to testify, and, if

20    defendant chose not to testify or present evidence, to have that

21    choice not be used against defendant.

22              h.    Any and all rights to pursue any affirmative defenses,

23    Fourth Amendment or Fifth Amendment claims, and other pretrial

24    motions that have been filed or could be filed.

25                    WAIVER OF APPEAL OF CONVICTION

26         22.  Defendant understands that, with the exception of an appeal

27    based on a claim that defendant's guilty pleas were involuntary, by

28    pleading guilty defendant is waiving and giving up any right to

appeal defendant's convictions on the offenses to which defendant is pleading guilty.  Defendant understands that this waiver includes, but is not limited to, arguments that the statutes to which defendant is pleading guilty are unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's pleas of guilty.

<u>LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE</u>

23.  Defendant gives up the right to appeal all of the following: (a) the procedures and calculations used to determine and impose any portion of the sentence; (b) the term of imprisonment imposed by the Court, provided it is no more than the high-end of the Sentencing Guidelines range calculated by the Court; (c) the fine imposed by the Court, provided it is within the statutory maximum; (d) to the extent permitted by law, the constitutionality or legality of defendant's sentence, provided it is within the statutory maximum; (e) the term of probation or supervised release imposed by the Court, provided it is within the statutory maximum; and (f) any of the following conditions of probation or supervised release imposed by the Court: the conditions set forth in General Order 20-04 of this Court; the drug testing conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); the alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7); and any conditions of probation or supervised release agreed to by defendant in paragraph 2 above.

24.  Defendant also gives up any right to bring a post-conviction collateral attack on the convictions or sentence, except a post-conviction collateral attack based on a claim of ineffective assistance of counsel or an explicitly retroactive change in the applicable Sentencing Guidelines, sentencing statutes, or statutes of

conviction. Defendant understands that this waiver includes, but is not limited to, arguments that the statutes to which defendant is pleading guilty are unconstitutional, that newly discovered evidence purportedly supports defendant's innocence, and any and all claims that the statement of facts provided herein is insufficient to support defendant's pleas of guilty.

25.   The USAO agrees that, provided all portions of the sentence are at or below the statutory maximum specified above, the USAO gives up its right to appeal any portion of the sentence.

<u>RESULT OF WITHDRAWAL OF GUILTY PLEA</u>

26.   Defendant agrees that if, after entering guilty pleas pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty pleas on any basis other than a claim and finding that entry into this plea agreement was involuntary, then the USAO will be relieved of all of its obligations under this agreement.

<u>EFFECTIVE DATE OF AGREEMENT</u>

27.   This agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney.

<u>BREACH OF AGREEMENT</u>

28.   Defendant agrees that if defendant, at any time after the effective date of this agreement, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached.  All of defendant's obligations are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the

express agreement of the USAO in writing.  If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered guilty pleas pursuant to this agreement, defendant will not be able to withdraw the guilty pleas, and (b) the USAO will be relieved of all its obligations under this agreement.

<u>COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES</u>

<u>OFFICE NOT PARTIES</u>

29.  Defendant understands that the Court and the United States Probation and Pretrial Services Office are not parties to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' agreements to facts or sentencing factors.

30.  Defendant understands that both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation and Pretrial Services Office and the Court, (b) correct any and all factual misstatements relating to the Court's Sentencing Guidelines calculations and determination of sentence, and (c) argue on appeal and collateral review that the Court's Sentencing Guidelines calculations and the sentence it chooses to impose are not error, although each party agrees to maintain its view that the calculations in paragraph 18 are consistent with the facts of this case.  While this paragraph permits both the USAO and defendant to submit full and complete factual information to the United States Probation and Pretrial Services Office and the Court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this

1 paragraph does not affect defendant's and the USAO's obligations not
2 to contest the facts agreed to in this agreement.

3     31.  Defendant understands that even if the Court ignores any
4 sentencing recommendation, finds facts or reaches conclusions
5 different from those agreed to, and/or imposes any sentence up to the
6 maximum established by statute, defendant cannot, for that reason,
7 withdraw defendant's guilty pleas, and defendant will remain bound to
8 fulfill all defendant's obligations under this agreement.  Defendant
9 understands that no one -- not the prosecutor, defendant's attorney,
10 or the Court -- can make a binding prediction or promise regarding
11 the sentence defendant will receive, except that it will be within
12 the statutory maximum.

NO ADDITIONAL AGREEMENTS

14     32.  Defendant understands that, except as set forth herein,
15 there are no promises, understandings, or agreements between the USAO
16 and defendant or defendant's attorney, and that no additional
17 promise, understanding, or agreement may be entered into unless in a
18 writing signed by all parties or on the record in court.
19 //
20 //
21 //

17

1          PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

2          33.   The parties agree that this agreement will be considered

3    part of the record of defendant's guilty plea hearing as if the

4    entire agreement had been read into the record of the proceeding.

5    AGREED AND ACCEPTED

6    UNITED STATES ATTORNEY'S OFFICE
     FOR THE CENTRAL DISTRICT OF
7    CALIFORNIA

8    TRACY L. WILKISON
     Acting United States Attorney

9

10                                                    12/8/2021
     _____      _____
11   JEFF MITCHELL                          Date
     Assistant United States Attorney

12                                                    6/3/2021
     _____      _____
13   MATTHE                                 Date
     Defendant

14   _____      6/3/2021
     NATHAN HOCHMAN                          Date
15   Attorney for Defendant
     Matthew Funke

16

17   //

18   //

19   //

20

21

22

23

24

25

26

27

28

                                    18

CERTIFICATION OF DEFENDANT

I have read this agreement in its entirety.  I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney.  I understand the terms of this agreement, and I voluntarily agree to those terms. I have discussed the evidence with my attorney, and my attorney has advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement.  No promises, inducements, or representations of any kind have been made to me other than those contained in this agreement.  No one has threatened or forced me in any way to enter into this agreement.  I am satisfied with the representation of my attorney in this matter, and I am pleading guilty because I am guilty of the charges and wish to take advantage of the promises set forth in this agreement, and not for any other reason.

_____                              6/3/2021
MATTHEW FUNKE                                        Date
Defendant

//

//

//

1          CERTIFICATION OF DEFENDANT'S ATTORNEY

2          I am Matthew Funke's attorney.  I have carefully and thoroughly

3     discussed every part of this agreement with my client.  Further, I

4     have fully advised my client of his rights, of possible pretrial

5     motions that might be filed, of possible defenses that might be

6     asserted either prior to or at trial, of the sentencing factors set

7     forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines

8     provisions, and of the consequences of entering into this agreement.

9     To my knowledge: no promises, inducements, or representations of any

10    kind have been made to my client other than those contained in this

11    agreement; no one has threatened or forced my client in any way to

12    enter into this agreement; my client's decision to enter into this

13    agreement is an informed and voluntary one; and the factual basis set

14    forth in this agreement is sufficient to support my client's entry of

15    guilty pleas pursuant to this agreement.

16    _____          6/3/2021
                                                   _____
17    NATHAN HOCHMAN                               Date
      Attorney for Defendant
18    Matthew Funke

19

20

21

22

23

24

25

26

27

28

EXHIBIT A

1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9              FOR THE CENTRAL DISTRICT OF CALIFORNIA

10    UNITED STATES OF AMERICA,          CR No.

11              Plaintiff,               I N F O R M A T I O N

12              v.                       [18 U.S.C. § 1955: Operating an
                                         Illegal Gambling Business; 31
13    MATTHEW FUNKE,                     U.S.C. §§ 5363, 5366: Acceptance
                                         of a Financial Instrument for
14              Defendant.               Unlawful Internet Gambling; 18
                                         U.S.C. § 1955(d), 28 U.S.C.
15                                       § 2461(c): Criminal Forfeiture]

16

17

18         The Acting United States Attorney charges:

19                            COUNT ONE

20                       [18 U.S.C. § 1955]

21         Beginning on an unknown date and continuing through on or about

22    February 7, 2020, in Los Angeles and Orange Counties, within the

23    Central District of California, and elsewhere, defendant MATTHEW

24    FUNKE conducted, financed, managed, supervised, directed, and owned

25    an illegal gambling business, specifically, a bookmaking business

26    involving taking bets on the outcomes of sporting events at agreed-

27    upon odds in violation of California Penal Code Section 337a, which

28    business involved at least five persons who conducted, financed,

1  managed, supervised, directed, and owned all or part of the business;

2  had been in substantially continuous operation by at least five

3  persons for a period in excess of thirty days; and had gross revenue

4  of more than $2,000 in a single day.

COUNT TWO

[31 U.S.C. §§ 5363, 5366]

On or about October 7, 2019, in Los Angeles County, within the Central District of California, defendant MATTHEW FUNKE, a person engaged in the business of betting and wagering, knowingly accepted, in connection with the participation of L.P. in unlawful Internet gambling, namely, gambling through SandIslandSports.com in violation of California Penal Code Section 337a, an electronic funds transfer from and on behalf of L.P.

1                          FORFEITURE ALLEGATION

2               [18 U.S.C. § 1955(d) and 28 U.S.C. § 2461(c)]

3        1.    Pursuant to Rule 32.2 of the Federal Rules of Criminal

4   Procedure, notice is hereby given that the United States of America

5   will seek forfeiture as part of any sentence, pursuant to Title 18,

6   United States Code, Section 1955(d) and Title 28, United States Code,

7   Section 2461(c), in the event of defendant MATTHEW FUNKE's conviction

8   of the offense set forth in Count One of this information.

9        2.    The defendant, if so convicted, shall forfeit to the United

10  States of America the following:

11            (a)   Any property, including money, used in such offense,

12  and any property traceable to such property; and

13            (b)   To the extent such property is not available for

14  forfeiture, a sum of money equal to the total value of the property

15  described in subparagraph (a).

16       3.    Pursuant to Title 21, United States Code, Section 853(p),

17  as incorporated by Title 18, United States Code, Section 982(b)(1),

18  and Title 18, United States Code, Section 982(b)(2), the defendant,

19  if so convicted, shall forfeit substitute property, if, by any act or

20  omission of the defendant, the property described in the preceding

21  paragraph, or any portion thereof: (a) cannot be located upon the

22  exercise of due diligence; (b) has been transferred, sold to, or

23  deposited with a third party; (c) has been placed beyond the

24  //

25  //

26  //

27

28

                                   4

jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

TRACY L. WILKISON
Acting United States Attorney


BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division

RANEE A. KATZENSTEIN
Assistant United States Attorney
Chief, Major Frauds Section

MONICA E. TAIT
Assistant United States Attorney
Deputy Chief, Major Frauds Section

JEFF MITCHELL
Assistant United States Attorney
Major Frauds Section

DAN G. BOYLE
Assistant United States Attorney
Asset Forfeiture Section

5

## CERTIFICATE OF SERVICE

I, **Simonia White**, declare:

That I am a citizen of the United States and a resident of or employed in Los Angeles County, California; that my business address is the Office of United States Attorney, 312 North Spring Street, Los Angeles, California 90012; that I am over the age of 18; and that I am not a party to the above-titled action;

That I am employed by the United States Attorney for the Central District of California, who is a member of the Bar of the United States District Court for the Central District of California, at whose direction I served a copy of:

**PLEA AGREEMENT FOR DEFENDANT FOR DEFENDANT MATTHEW FUNKE**

☐ Placed in a closed envelope for collection and inter-office delivery, addressed as follows:   ☒ Placed in a sealed envelope for collection and mailing via United States mail, addressed as follows:

**Nathan Hochman, Esq.**
**2121 Avenue of the Stars, Suite 2800**
**Los Angeles, California 90067**

This Certificate is executed on **December 15, 2021**, at Los Angeles, California.  I certify under penalty of perjury that the foregoing is true and correct.

*Simonia White*
_____
Simonia White
Legal Assistant